

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:

Opinion No. O-4590
Re: Section 25, Article I, of the
Texas Liquor Control Act, re-
specting hours of sale as
affected by Federal H.R. 6514,
the Daylight Saving Law.

Your request for an opinion from this Department with
respect to the above subject matter is as follows:

"Will you please advise this office whether
under state law the time establishing opening and
closing hours for the sale of liquor must be the
customarily recognized time of our respective time
zones or whether the time must be in accordance
with the proclamation of the President establish-
ing time to be observed for specific areas?

"If it is your advice that the time shall be
in accordance with the President's proclamation
under federal law, are the various courts in which
judicial proceedings are in progress, either crim-
inal or civil, empowered to take judicial knowledge
of the time established by the President proclama-
tion."

It is the opinion of this Department that the hours
of opening and closing with respect to the sale of liquor under
the Texas Liquor Control Act means the hours according to
standard time in the respective zones, and moreover that stan-
dard time is that established by the Congress, of which con-
gressional act or acts all courts, civil and criminal, will
take judicial notice.

The opinions of the courts of this State have not been uniform upon the question but the latest expression and withal the soundest conclusion, we think, respecting the matter is found in McFarlane v. Whitney, 134 S. W. (2d) 1047, opinion by Judge Smedley, adopted by the Supreme Court, January 3, 1940. In the course of his opinion Judge Smedley said:

". . . Standard time, however, as now known and used, is that which was established as the standard time for the United States by the Act of Congress of March 19, 1918 (15 U.S.C.A., Sections 261-265). By that act provision was made for dividing the territory of the United States into five zones and a standard time for each zone was fixed, based on the mean astronomical time of a specified degree of longitude. Texas has been placed in the second zone, the standard time of which zone is designated by the act as United States standard central time.

"It has been held that this act of Congress makes the standard of time 'applicable only (1) to the movement of common carriers engaged in interstate and foreign commerce; (2) to its own officials and departments; and (3) to all acts done by any persons under Federal statutes, orders, rules and regulations.' Massachusetts State Grange v. Benton (U.S.D.C.) 10 Fed. (2d) 515, 516; Id. 272 U.S. 525, 47 Sup. Ct. 189, 71 L. Ed. 387. But even though the act does not by its terms provide a standard of time for all persons subject to the jurisdiction of the United States, such has been its practical effect. Very soon after the act went into effect the standard of time established by and under it was adopted and came into general use by the people throughout the United States. Such fixed single standard was found to be not only beneficial but necessary in the operation of railroad trains and other means of transportation and in conducting business, governmental and private, and social affairs. These facts are so generally known that the courts may and should take judicial knowledge of them. Reynolds v. McMan Oil & Gas Company (Com. App.), 11 S. W. (2d) 778, 784; Salt Lake City v. Robinson, 39 Utah 260, 116 Pac. 442, 35 L.R.A. (N.S. 610, 617;

20 American Jurisprudence, pp. 50, 49, Sec. 18.
The court judicially knows that in 1931 when the
trustee's sale was made central standard time was
the time generally used in Crane County. The un-
disputed evidence establishes the same fact. The
court also knows judicially that central standard
time was the time generally used in that county
in 1922 when the deed of trust was executed and
that the same standard of time was in general use
in Texas when the Revised Civil Statutes of 1925
containing Article 5810 were enacted. We con-
clude that the trustee's sale made on April 7,
1931, before the courthouse of Crane County be-
tween the hours of 10 A.M. and 4 P.M. according
to central standard time, was made within the time
intended by the parties to the deed of trust and
within the time intended by the statute."

The recent federal act (H.R. 6514 is not available for
citation, but we take from the debate of the resolution the
following quotation, which serves our point:

"Mr. Lea: Mr. Chairman, I call the attention
of the House to the provisions in the bill before
you so that no one may be misled as to its terms.
In substance, this bill has only a few provisions,
all of which are very plain.

"The first is that twenty days after the
enactment of this act the standard time of each
time zone shall be advanced 1 hour. That makes
the bill uniform and nation wide in its applica-
tion, * * *

"There is a provision that after the termina-
tion of this temporary (six months) legislation the country
will return to standard time as it exists today. Stand-
ard time is defined by the Act of 1918, and the bill
does not propose to change the meaning of standard
time as we know it today." Cong. R. - H. 1942, p.
201, 2nd col.

While the matter is beyond the scope of your special
inquiry, it is not amiss to say the reasons underlying our re-
ply obtain with respect to legal time in many other respects,

such as opening and closing of terms of court, notices when required by law, filing of appeal bonds, applications for writs of error, sales under a power, and the like.

Trusting that the foregoing sufficiently answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       /signed/
         Ocie Speer
         Assistant

OS:AMM

APPROVED FEB. 7, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/B.W.B., Chairman